# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIG, a Tennessee LLC,<br><br>        Plaintiff,<br>v.<br><br>AARON PATEY, an Individual, EVERGREEN STRATEGIES, a Nevada LLC, PSD INTERNATIONAL, a Utah LLC, RELAY ADVANCED MATERIALS, a Delaware Corporation,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING RESTATED MOTION FOR PROTECTIVE ORDER PURSUANT TO FRCP 26(C) (ECF NO. 130)**<br><br>Civil No. 2:17-cv-01086-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |
| EVERGREEN STRATEGIES, a Nevada LLC; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation,<br><br>        Counterclaimants,<br>v.<br><br>CELTIG, a Tennessee LLC,<br><br>        Counterdefendant. | |
| RELAY ADVANCED MATERIALS and EVERGREEN STRATEGIES,<br><br>        Counterclaim and Third-<br>        Party Plaintiffs,<br>v.<br><br>BRENT BENJAMIN WOODSON, PHILLIP COX, MICHAEL GUNDERSON, TIBOR KALNOKI-KIS, BRIAN EDWARDS, DAVID NIELSON, DAVID WAITE, IMPEL SALES, a Utah LLC, and UTAH LAKE LEGACY COALITION, a Utah LLC<br><br>        Third-Party Defendants. | |

On January 24, 2019, Defendants Evergreen Strategies, PSD International, Aaron Patey, and Relay Advanced Materials (collectively the "Evergreen Defendants") filed a Motion for Protective Order Pursuant to FRCP 26(C). Having considered the parties' briefing and oral argument, the Court DENIES as MOOT the Evergreen Defendants' request to stay the depositions noticed for January 24 and 25, 2019 based on the representation from counsel for the Plaintiff and counsel for the Third-Party Defendants that they do not intend to continue to try to depose the named Defendants. The Court further DENIES the Evergreen Defendants' Motion for a Protective Order to immediately stay all discovery in this case because the Evergreen Defendants have not met their burden of demonstrating hardship or inequity sufficient to justify a stay.

"[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" Pet Milk Co. v. Ritter, 323 F.2d 586, 588 (10th Cir. 1963) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); Clinton v. Jones, 520 U.S. 681, 706 (1997). When determining whether or not to grant a stay, the Court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. The party seeking the stay "must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009) (quoting Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir. 2000)). The Evergreen Defendants fail to demonstrate that the asserted burden they face outweighs the hardship imposed on the Plaintiff and Third-Party Defendants by further delaying discovery.

DATED this 5th day of February, 2019.

        BY THE COURT:

        _____
        Evelyn J. Furse
        United States Magistrate Judge