# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIG, a Tennessee LLC,<br><br>        Plaintiff,<br>v.<br><br>AARON PATEY, an Individual, EVERGREEN STRATEGIES, a Nevada LLC, PSD INTERNATIONAL, a Utah LLC, RELAY ADVANCED MATERIALS, a Delaware Corporation,<br><br>        Defendants. | **REPORT AND RECOMMENDATION CERTIFYING FACTS REGARDING CONTEMPT UNDER 28 U.S.C. § 636(e)(6) AND GRANTING THIRD-PARTY DEFENDANTS UTAH LAKE LEGACY COALITION LLC, BRENT BENJAMIN WOODSON, AND DAVID NIELSON'S MOTION FOR ORDER TO SHOW CAUSE AND CONTEMPT CITATION (ECF NO. 155)**<br><br>Civil No. 2:17-cv-01086-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |
| EVERGREEN STRATEGIES, a Nevada LLC; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation,<br><br>        Counterclaimants,<br>v.<br><br>CELTIG, a Tennessee LLC,<br><br>        Counterdefendant. | |

1

|  |
|---|
| RELAY ADVANCED MATERIALS and EVERGREEN STRATEGIES, <br><br> Counterclaim and Third-Party Plaintiffs, <br><br> v. <br><br> BRENT BENJAMIN WOODSON, PHILLIP COX, MICHAEL GUNDERSON, TIBOR KALNOKI-KIS, BRIAN EDWARDS, DAVID NIELSON, DAVID WAITE, IMPEL SALES, a Utah LLC, and UTAH LAKE LEGACY COALITION, a Utah LLC <br><br> Third-Party Defendants. |

On March 4, 2019, Third-Party Defendants Utah Lake Legacy Coalition LLC ("ULLC"), Brent Benjamin Woodson, and David Nielson moved the Court[1] to find Defendants Aaron A. Patey, Evergreen Strategies, LLC, PSD International LLC, and Relay Advanced Materials, Inc. (collectively the "Patey Defendants"), in civil contempt. (3rd-Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Nielson's Mot. for Order to Show Cause & Civil Contempt Citation ("ULLC, Woodson, & Nielson Order to Show Cause Mot.") 2–3, ECF No. 155.)  The ULLC, Mr. Woodson, and Mr. Nielson contend the Patey Defendants failed to comply with the January 18, 2019 Order requiring the Patey Defendants to pay the ULLC, Mr. Woodson, and Mr. Nielson $1,833.75 in attorney fees within thirty-days of entry of the Order.  (Id. at 3-4.)  The ULLC, Mr. Woodson, and Mr. Nielson specifically request the Court find the Patey Defendants in civil contempt and enter an order requiring the Patey Defendants to (1)

---

[1] On October 4, 2017, the District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).  (ECF No. 9.)

2

pay "a contempt sanctions fine of $500 per day until [they] comply with the January 18 Order"; and (2) pay the costs and fees associated with enforcing the January 18, 2019 Order[2].  (Id. at 3)

Having considered the parties' briefing[3], the undersigned finds facts warranting holding the Patey Defendants in civil contempt for their failure to comply with the January 18, 2019 Order.  Therefore, the undersigned RECOMMENDS the District Judge hold the Patey Defendants in contempt of Court fining them $100 per day for every day they fail to comply fully with the January 18, 2019 Order compelling them to pay the ULLC, Mr. Woodson, and Mr. Nielson $1,833.75 in attorneys' fees.

To that end, the undersigned certifies the following facts, found by clear and convincing evidence, to the District Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and requests the District Judge issue an Order to Show Cause:

1. On January 3, 2019, the ULLC, Mr. Woodson, and Mr. Nielson filed a Short-Form Motion for Attorney Fees (3rd-Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Nielson's Short Form Mot. for Award of Att'y Fees, ECF No. 117) following their prevailing on a motion regarding the Patey Defendants' failure to appear for properly noticed depositions.  (Order Granting

---

[2] The undersigned has authority to rule on the fee request under Federal Rule of Civil Procedure 37(b)(2)(C) as a discovery sanction and will do so by separate order.

[3] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the undersigned finds oral argument unnecessary and formulates this Report and Recommendation on the basis of the written memoranda.

3

3d Short Form Discovery Mot. Re: Defs.' Failure to Appear for Properly Noticed Deps. (ECF No. 97) ¶ 3, ECF No. 109).

2. The Patey Defendants did not oppose the ULLC, Mr. Woodson, and Mr. Nielson's Attorney Fees Motion.  (Order Granting 3rd-Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Neilson's Short Form Motion for Award of Atty. Fees (ECF No. 117) ("ULLC Jan. 18 Order"), ECF No. 123.) Accordingly, on January 18, 2019, this Court granted the ULLC, Mr. Woodson, and Mr. Nielson' Motion and compelled the Patey Defendants to pay the ULLC, Mr. Woodson, and Mr. Nielson $1,833.75 in attorneys' fees.  (Id.)

3. The January 18, 2019 Order compelled the Patey Defendants to pay the ULLC, Mr. Woodson, and Mr. Nielson by February 18, 2019—thirty days after entry of the Order.  (Id.)

4. On February 7, 2019, Andrew Collins, counsel for the ULLC, Mr. Woodson, and Mr. Nielson, emailed Michael Davidson, counsel for the Patey Defendants, reminding Mr. Davidson of the Court's January 18, 2019 Order and directing him to pay the ULLC, Mr. Woodson, and Mr. Nielson by the Court ordered deadline of February 18, 2019.  (ULLC, Woodson, & Nielson Order to Show Cause Mot. ¶ 5, ECF No. 155; Decl. of Att'y Andrew V. Collins in Supp. of 3rd-Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Nielson's Mot. for Order to Show Cause & Civil Contempt Citation ("Collins Decl.") ¶ 9, ECF No. 155-1; Feb. 7, 2019 E-mail, Ex. A, ECF No. 155-1.)

5. By the time the ULLC, Mr. Woodson, and Mr. Nielson filed their Order to Show Cause Motion on March 4, 2019, the Patey Defendants had not paid the ULLC,

Mr. Woodson, and Mr. Nielson.  (ULLC, Woodson, & Nielson Order to Show Cause Mot. ¶ 6, ECF No. 155; Collins Decl. ¶ 10, Ex. A, ECF No. 155-1.)  Neither had the Patey Defendants sought relief from the Order.

6. The undersigned ordered the Patey Defendants to Show Cause why it should not hold them in contempt for failure to pay the court-ordered sanction.  (ECF No. 156.)

7. The Patey Defendants responded admitting they failed to pay and claiming, without evidentiary support, the inability to pay the fees awarded.  (Resp. to the Court's Order to Show Cause on Dkt. 156 ("Resp."), ECF No. 165.)

### BASIS FOR RECOMMENDATION

A party seeking civil contempt bears the initial "burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."  Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citations omitted) (quoting Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995)).  The moving party need not prove that the defendant willfully disobeyed a court's order.  John Zink Co. v. Zink, 241 F.3d 1256, 1262 (10th Cir. 2001) ("[A] finding of willfulness is not required to award attorney fees in a civil contempt proceeding."); Bad Ass Coffee Co. v. Bad Ass Coffee Ltd. P'ship, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citing Goluba v. School Dist. of Ripon, 45 F.3d 1035, 1037 (7th Cir.1995)) (noting "contemnor's disobedience need not be 'willful' to constitute civil contempt").  If the moving party satisfies his burden, the burden shifts to the non-movant "to show either that he had complied with the order or

that he could not comply with it." United States v. Ford, 514 F.3d 1047, 1051 (10th Cir. 2008) (citing United States v. Rylander, 460 U.S. 752, 757 (1983)).

Based on the submissions before the Court, the ULLC, Mr. Woodson, and Mr. Nielson have shown by clear and convincing evidence that the Court issued a valid Order compelling the Patey Defendants to pay $1,833.75 in attorneys' fees; the Patey Defendants do not contend that they lacked knowledge of the Order (see Resp., ECF No. 165), and they admit they have not complied with the Order (id. at 3). Because the Patey Defendants admit that they have failed to comply with the Order, the burden shifts to them to show that they could not comply with the Order. The Patey Defendants fail to meet their burden.

The Patey Defendants contend they have only failed to comply with the January 18, 2019 Order because they "simply do not have the means to pay a single dollar penalty, much less $1,833.75." (Id.) Thus, in essence, the Patey Defendants argue this Court should not find them in contempt because they cannot comply with the January 18, 2019 Order.

The Patey Defendants fail to meet their burden of production in making their defense. "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production." Rylander, 460 U.S. at 757. The Patey Defendants merely state they cannot comply with the January 18, 2019 Order because "Evergreen has no money and no assets. Evergreen does not even have a banking account at this time, as they were closed due to it being empty. The

same is true of the other defendants in this action." (Resp. 3, ECF No. 165.) They, however, fail to demonstrate their inability to pay.

In White v. General Motors Corp., 908 F.2d 675 (10th Cir. 1990), the Tenth Circuit stated, while ruling on a Rule 11-imposed sanction, that a sanctioned party who presents the "affirmative defense" of its inability to pay a court-imposed sanction must "come forward with evidence of [its] financial status." Id. at 685; see accord Rylander, 460 U.S. at 757-58 (finding ex parte affidavit and uncross-examined testimony insufficient to shift burden back to movant on a contempt motion). The court's conclusion in White holds for the Patey Defendants. To find otherwise would enable a sanctioned-party to avoid paying a court-imposed sanction by merely claiming an inability to pay thereby leaving the harmed party without recourse. Thus, the Patey Defendants had the burden to come forth with evidence of their financial status. Because the Patey Defendants provided no evidence of their financial status, the Patey Defendants failed to meet their burden of showing they could not comply with the January 18, 2019 Order.

The undersigned also notes that counsel for the Patey Defendants frequently contends that Mr. Patey is conducting business, living, and traveling in Europe. That contention remains at odds with the representation in the Response.

The Impel Third-Party Defendants seek a $500.00 per day fine to compel compliance. Given the size of the award at issue, the undersigned finds that amount too large and deems a fine of $100.00 per day sufficient to compel compliance under the circumstances.

On these bases, the undersigned RECOMMENDS the District Judge order the Patey Defendants to pay the ULLC, Mr. Woodson, and Mr. Nielson $1,833.75 in attorneys' fees.  The undersigned further RECOMMENDS the District Judge hold the Patey Defendants in civil contempt with a fine of $100.00 per day for every day they fail to comply fully with the January 18, 2019 Order.  The undersigned additionally RECOMMENDS that if the Patey Defendants pay the full $1,833.75 within five (5) days of entry of the civil contempt order, the Court waive the daily sanction fees incurred to that point.

## CERTIFICATION

The Magistrate Judge certifies the foregoing facts to the District Judge under 28 U.S.C. § 636(e)(6)(B)(iii) as constituting civil contempt.  Accordingly, the Magistrate Judge requests that the District Judge establish a day certain for a hearing requiring the Patey Defendants to appear in person before the District Judge to show cause why the Court should not find them in civil contempt by reason of the facts so certified and suffer the imposition of sanctions as follows: a fine of $100.00 per day for every day they fail to comply fully with the January 18, 2019 Order compelling them to pay the ULLC, Mr. Woodson, and Mr. Nielson $1,833.75 in attorneys' fees.

DATED this 26th day of July, 2019.

BY THE COURT:

*Evelyn J. Furse*
Evelyn J. Furse
United States Magistrate Judge

8