## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIG, a Tennessee LLC, | **REPORT AND RECOMMENDATION RE: CELTIG'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS AND COUNTERCLAIMANTS (ECF NO. 141)** |
| Plaintiff, | |
| v. | |
| AARON PATEY, an Individual, EVERGREEN STRATEGIES, a Nevada LLC, PSD INTERNATIONAL, a Utah LLC, RELAY ADVANCED MATERIALS, a Delaware Corporation, | Civil No. 2:17-cv-01086-JNP-EJF |
| | District Judge Jill N. Parrish |
| Defendants. | Magistrate Judge Evelyn J. Furse |

EVERGREEN STRATEGIES, a Nevada LLC; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation,

         Counterclaimants,

    v.

CELTIG, a Tennessee LLC,

         Counterdefendant.

RELAY ADVANCED MATERIALS and EVERGREEN STRATEGIES,

         Counterclaim and
         Third-Party Plaintiffs,

v.

BRENT BENJAMIN WOODSON, PHILLIP COX, MICHAEL GUNDERSON, TIBOR KALNOKI-KIS, BRIAN EDWARDS, DAVID NIELSON, DAVID WAITE, IMPEL SALES, a Utah LLC, and UTAH LAKE LEGACY COALITION, a Utah LLC

         Third-Party Defendants.

1

Plaintiff Celtig, LLC moves the Court[1] to enter default judgment against Defendants Aaron A. Patey, Evergreen Strategies, LLC ("Evergreen"), PSD International LLC ("PSDI"), and Relay Advanced Materials, Inc. ("Relay") (collectively the "Patey Defendants") for their "repeated and willful violations of this Court's discovery orders and the Federal Rules of Civil Procedure." (Celtig's Mot. for Entry of Default J. Against All Defs. & Counterclaimants ("Mot.") 1, ECF No. 141.) On June 25, 2019, the undersigned held argument on the Motion. (Minute Entry, ECF No. 174.) Having considered the Motion, the parties' briefing, and oral argument, the undersigned RECOMMENDS the District Judge GRANT the Motion IN PART and DENY the Motion IN PART. To remedy the harm to Celtig from the Patey Defendants' lack of participation in discovery, the undersigned RECOMMENDS imposing a lesser sanction, namely striking Evergreen and Relay's counterclaims against Celtig, prohibiting the Patey Defendants from putting Mr. Patey and Mr. Davidson on the stand, and barring the Patey Defendants from presenting any evidence they have not yet produced in discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2017, Celtig initiated this action, (Compl., ECF No. 2), and on October 26, 2017, it filed its Second Amended Complaint (2d Am Compl. & Demand for Jury Trial ("2d Am. Compl."), ECF No. 17). In its Second Amended Complaint, Celtig seeks a declaratory judgment regarding the Definitive Agreement and the Exclusive License and Distribution Agreement between the parties (collectively "the Agreements"),

---

[1] On October 4, 2017, the District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 9.)

alleges the Patey Defendants breached the Agreements, and asserts the Patey Defendants fraudulently induced Celtig to enter into the Agreements.  (Id. ¶¶ 63–89.) Celtig claims it manufactures "a form of high-grade graphene."  (Id. at ¶ 11.)  Celtig alleges it entered into an exclusive license and distribution agreement with the Patey Defendants who agreed to purchase Celtig's graphene and to sell and distribute the graphene through their "global supply chain."  (Id. at ¶¶ 12–32.)  The Patey Defendants allegedly breached the Agreements when they failed to, among other things, pick up and pay for the graphene they ordered and failed to provide adequate assurance to Celtig of their ability to fulfill their financial obligations.  (Id. at ¶¶ 63–68.)  Celtig seeks monetary damages, including punitive damages, for the Patey Defendants' breach (Prayer for Relief ¶¶ 1, 4, ECF No. 17) and a declaratory judgment establishing Celtig's rights and obligations under the Agreements (id. at ¶¶ 77– 89).

On November 1, 2017, the Patey Defendants answered Celtig's Complaint, and Evergreen and Relay counterclaimed against Celtig alleging breach of contract and breach of the duty of good faith and fair dealing.  (Answer, Countercl. & 3d Party Compl., ECF Nos. 22.)  Defendants Evergreen and Relay request specific performance of the Agreements and seek a declaratory judgment regarding the parties' rights and obligations under the Agreements.  (Id. at ¶¶ 107–120.)  Additionally, Evergreen and Relay seek upwards of $500 million in alleged damages.  (Id. at ¶ 31 & Prayer for Relief ¶¶ 1 & 2.)  Evergreen and Relay also assert third-party claims against Brent Benjamin Woodson, Phillip Cox, Michael Gunderson, Tibor Kalnoki-Kis[2], Brian Edwards, David

---

[2] On October 31, 2018, Evergreen and Relay filed a Notice of Voluntary Dismissal of Tibor Kalnoki-Kis and David Waite.  (ECF No. 86.)

Nielson, David Waite, Impel Sales, and Utah Lake Legacy Coalition (collectively the "Third-Party Defendants").  (Id. at ¶¶ 121–158.)  Evergreen and Relay allege the Third-Party Defendants engaged in tortious interference with economic relations, breach of contract, breach of the duty of good faith and fair dealing, conversion, and civil conspiracy.  (Id.)

The parties in this case have engaged in a considerable amount of motion practice.  The undersigned only considers and addresses the discovery-related motions most pertinent to Celtig's Motion for Default Judgment.

On June 26, 2018, Celtig moved for a hearing to set a schedule based on the parties' inability to agree on deadlines and the scope of discovery.  (Celtig, LLC's Mot. for Hearing to Set Sched., ECF No. 67.)  On July 9, 2018, the undersigned held a scheduling conference, set a schedule, and ordered the parties to maintain current telephone, e-mail, and physical addresses with the Court to facilitate communication among the parties.  (Minute Order, ECF No. 70.)  On July 18, 2018, the Court entered the Scheduling Order memorializing its orders from the hearing requiring the parties to maintain current telephone, e-mail, and physical addresses with the Court.  (Scheduling Order Following July 9, 2018 Scheduling Conf. 5, ECF No. 71.)

On November 2, 2018, Celtig filed three motions with the Court.  Celtig moved the Court to find Michael Davidson, counsel for the Patey Defendants, in civil contempt for failing to comply with the Court's Order requiring the parties to maintain current

telephone, e-mail, and physical addresses with the Court.  (Mot. for Order to Show Cause & Contempt Citation ("Mot. for Order to Show Cause."), ECF No. 87.)  Celtig also filed a Short Form Discovery Motion Re:  Defendants' Inadequate Responses to Plaintiff's First Set of Discovery Requests (ECF No. 88) and a Short Form Discovery Motion Re:  Defendants' Failure to Respond to Plaintiff's Second Set of Discovery Requests (ECF No. 89).  On November 30, 2018, the undersigned held argument on Celtig's Short Form Motions and Motion for Order to Show Cause where counsel for Celtig orally moved for default against the Patey Defendants for their failure to produce responses to Celtig's Second Set of Discovery Requests.

On December 7, 2018, the Court granted Celtig's Short Form Motions.  The Court specifically ordered the Patey Defendants to provide complete responses to Celtig's First and Second Sets of Discovery Requests within fourteen days from the date of entry of the Order.  (Order Granting Short Form Disc. Mot. Re:  Defs.' Inadequate Resps. to Pl.'s 1st Set of Disc. Req. (ECF No. 88) ("Order re: 1st Set of Disc. Req."), ECF No. 106; Order Granting Short Form Disc. Mot. Re:  Defs.' Inadequate Resps. to Pl.'s 2d Set of Disc. Req. (ECF No. 89) ("Order Re:  2d Set of Disc. Req."), ECF No. 107)).  With respect to Celtig's Second Set of Discovery Requests, the Court found the Patey Defendants had completely waived any objections they could have raised to Celtig's Second Set of Discovery Requests because they failed to respond to those requests.  (Order re: 2d Set of Disc. Req. 2, ECF No. 107.) The Court informed the Patey Defendants that they could still assert privilege claims provided they submit a privilege log within twenty-one days of entry of the Order.  (Id.) The Court further ordered the Patey Defendants to pay Celtig's reasonable fees,

5

including attorneys' fees in bringing these motions.  (Order Re:  1st Set of Disc. Req. 4, ECF No. 106 & Order Re:  2d Set of Disc. Req. 3, ECF No. 107.)  By January 17, 2019, the Patey Defendants failed to provide complete responses to Celtig's First and Second Sets of Discovery.  (Jan. 17, 2019 e-mail re Celtig, LLC v. Aaron A. Patey, et al, Ex. I, ECF No. 142-9 at 3–4.)

On November 28, 2018, Celtig filed its third discovery motion after the Patey Defendants twice failed to appear for properly noticed depositions.  (Celtig's 3d Short Form Discovery Mot. Re: Defs.' Failure to Appear for Properly Noticed Deps. ("3d Short Form Mot."), ECF No. 97.)  During the second round of depositions, Celtig also attempted to subpoena Mr. Davidson but could not effect service.  (Id. at 3.)  On the same day, Celtig also filed its fourth discovery motion after the Patey Defendants failed to produce a copy of recordings that allegedly related to Evergreen and Relay's claims against Celtig and the Third-Party Defendants.  (Celtig's 4th Short Form Discovery Mot. Re: Defs.' Failure to Make Required Disclosures ("4th Short Form Mot."), ECF No. 98.)  On December 10, 2018, the Court held argument on Celtig's Short Form Motions and subsequently granted both motions.  (Order Granting 3d Short Form Mot., ECF No. 109 & Order Granting 4th Short Form Mot., ECF No. 110.)  The Court specifically ordered Evergreen, PSDI, and Relay (collectively the "Evergreen Defendants") to designate their Rule 30(b)(6) witness and for the Evergreen Defendants and Mr. Davidson to appear for their depositions either in person or by videoconference.  (Order Granting 3d Short Form Discovery Mot., ECF No. 109.)  The Court further ordered the Evergreen Defendants and Mr. Davidson to pay Celtig and the Third-Party Defendants the costs and fees they incurred for the Evergreen Defendants' and Mr. Davidson's failure to

appear for the February 2018 and November 2018 depositions and the costs and fees Celtig incurred for bringing its Third Short Form Discovery Motion.  (Id.)  In addition, the Court ordered that the Evergreen Defendants and Mr. Davidson waived any objections to the depositions because they failed to appear for the properly noticed depositions.  (Id.)  Lastly, with respect to the undisclosed recordings at issue in the Fourth Short Form Motion, the Court ordered the Patey Defendants to submit their privilege log and to provide the foundation for the undisclosed recordings by December 14, 2018.  (Order Granting 4th Short Form Mot., ECF No. 110.)

On December 21, 2018, Celtig filed its Fifth Short Form Motion seeking to compel the Patey Defendants to pay the attorneys' fees it incurred in bringing its First, Second, and Third Discovery Motions after the parties failed to come to an agreement on the requested fees.  (Celtig's 5th Short Form Discovery Mot. Re: Attys' Fees Pursuant to the Court's Orders Dated Dec. 7, 2018 & Dec. 10, 2018 & Fed. R. 37(a)(5)(A) ("5th Short Form Mot."), ECF No. 111.)  On July 8, 2019, the Court denied in part and granted in part Celtig's Fifth Short Form Motion and ordered the Patey Defendants to pay Celtig $1,595.15 in fees within fourteen days of entry of the Order. (Order Denying in Part & Granting in Part Celtig, LLC's 5th Short Form Discovery Mot. Re: Attys' Fees Pursuant to the Court's Orders Dated Dec. 7, 2018 & Dec. 10, 2018 & Fed. R. 37(a)(5)(A) (ECF No. 111) 9-10, ECF No. 175.)

On January 2, 2019, counsel for Celtig e-mailed Mr. Davidson its deposition notices alerting Mr. Davidson that it intended to depose him and Mr. Patey, the 30(b)(6) representative for PSDI, Relay, and Evergreen, on January 24 and 25, 2019.  (Jan. 2, 2019 E-mail re Celtig v. Patey, et al. Dep. Notices, Ex. S, ECF No. 142–19 at 2.)  On

January 9, 2019, counsel for Celtig e-mailed Mr. Davidson asking him to confirm that Mr. Patey would attend the January 24 and 25 depositions.  (Jan. 9, 2019 E-mail re Deps., Ex. V, ECF No. 142–22 at 2.)  Mr. Davidson replied "Abby, I expect Mr. Patey to appear for the [January 24 and 25] depositions."  (Id. at 2–3; Jan. 9, 2019 E-mail re: Deps., Ex. U, ECF No. 142-21; Jan. 10, 2019 E-mail re: Deps., Ex. W, ECF No. 142-23 at 3-4.)  Despite confirming Mr. Patey's attendance for the January depositions, on January 23, 2019, the Patey Defendants filed a Short Form Discovery Motion to stay all discovery in the case pending the resolution of its Motion to Dismiss and Motion for Summary Judgment, and in light of Celtig's alleged failure to "answer properly served discovery."  (Short Form Disc. Mot. 2–3, ECF No. 126.)  The Patey Defendants also filed a Motion for Protective Order to stay the depositions until the Court ruled on their Motions to Dismiss and for Summary Judgment and until Celtig provided adequate responses to their properly served discovery.  (Mot. for Protective Order Pursuant to FRCP 26(C), ECF No. 127 at 2–3.)  On January 23, 2019, counsel for Celtig e-mailed Mr. Davidson asking him to confirm whether Mr. Patey would appear for the January 24 and 25 depositions considering the Patey Defendants' filing of their Short Form Discovery Motion and Motion for Protective Order.  (Jan. 23, 2019 e-mail re Celtig v. Patey, et al, Ex. Y, ECF No. 142-25.)

On January 24, 2019, the Court denied both motions without prejudice because the Patey Defendants failed to certify that they had attempted to reach an agreement with Celtig before seeking court action.  (Docket Text Order, ECF No. 128.)  After the Court denied the Patey Defendants' motions (id.), counsel for Celtig again requested the Patey Defendants confirm their attendance for the depositions scheduled for

8

January 25, 2019.  (Jan. 24, 2019 E-mail re Celtig v. Patey, Ex. Z, ECF No. 142-26.)

Mr. Davidson responded by suggesting that, in light of Celtig's failure to provide

complete responses to the Patey Defendants' written discovery requests, the parties

should reschedule the depositions to a later date once the Court resolved the Patey

Defendants' pending Motion to Dismiss and Motion for Summary Judgment.

On January 24, 2019, the Patey Defendants refiled their Motion for Protective

Order stating that they conferred with counsel for Celtig who did not agree to stay the

depositions or discovery in this case.  (Restated Mot. for Protective Order Pursuant to

FRCP 26(C), ECF No. 130 at 4.)  The Patey Defendants and Mr. Davidson failed to

appear for the depositions.  (Jan. 24, 2019 E-mail re Celtig v Patey, Ex. BB, ECF No.

142-28 at 2–6.)

On February 4, 2019, the Court held argument on the Patey Defendants'

Renewed Motion for Protective Order.  (ECF No. 135.)  On February 5, 2019, the Court

entered an order denying as moot the Patey Defendants' request to stay the depositions

noticed for January 24 and 25, 2019 based on counsel for Celtig and counsel for the

Third-Party Defendants' representation that they did not intend to continue to try to

depose the named Defendants and would instead seek terminating sanctions.  (Mem.

Decision & Order Denying Restated Mot. for Protective Order Pursuant to FRCP 26(C)

(ECF No. 130) 2, ECF No. 136.)  The Court further denied the Patey Defendants'

request to stay discovery because they failed to show their purported burden

outweighed the hardship imposed against Celtig and the Third Party Defendants in the

event the Court granted the stay.  (Id.)

On February 14, 2019, Celtig filed the instant Motion for Default Judgment against the Patey Defendants, (Celtig's Mot. for Entry of Default J. Against All Defs. & Counterclaimants, ECF No. 141), and the undersigned heard argument on the Motion on June 25, 2019.  (ECF No. 174.)

On July 9, 2019, the Court granted in part and denied in part Celtig's Motion for Order to Show Cause and denied Celtig's oral motion for default.  (Order Granting in Part & Denying in Part Celtig's Mot. for Order to Show Cause & Contempt Citation (ECF No. 87) 8–9, ECF No. 176.)  The Court again ordered Mr. Davidson to check his e-mail, including his spam folder, daily and to respond to e-mails within forty-eight hours and again warned him that the Patey Defendants' continued noncompliance with discovery could result in the imposition of more severe sanctions, including default judgment.  (Id.) The Court further ordered Mr. Davidson to reimburse Celtig for its costs and fees it incurred when it attempted to serve him a deposition subpoena.  (Id.)

## DISCUSSION

In support of its Motion for Default Judgment, Celtig cites to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure and the Tenth Circuit's decision in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).  (Mot. 18, ECF No. 141.)  Rule 37(b)(2)(A) permits a court to sanction a party who "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2).  The Rule authorizes a court to enter default judgment "against the disobedient party" as a permissible sanction.  See Fed. R. Civ. P. 37(b)(2)(A)(vi).  Ehrenhaus enumerated five factors a court should consider before choosing to impose default judgment as a just sanction.  Ehrenhaus, 965 F.2d at 921.

10

The Court must consider:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant"; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Id. (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988)) (citations omitted) (alteration in original).  " 'Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.' "  Ehrenhaus, 965 F.2d at 921 (quoting Meade v. Grubbs, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988) (citations omitted)).  Furthermore, "[b]ecause of the harshness of dismissal … due process requires that the discovery violation be predicated upon 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply."  Archibeque v. Atchison, Topeka & Santa Fe Ry., 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976) (quotation omitted)).  The undersigned considers each factor.

### 1.  The Degree of Actual Prejudice

The Patey Defendants' refusal to participate in and fully comply with discovery significantly prejudiced Celtig. The Patey Defendants contend that Celtig's Motion fails to argue that Celtig suffered "any prejudice in its ability to obtain information with which to prosecute its case, nor does it argue that there has been an actual delay in the disposition of this case, which was a specific concern of the Ehrenhaus court."  (Opp'n to Pl.'s Mot. for Entry of Default J. ("Opp'n"), ECF No. 149 at 3-4.)  The undersigned disagrees.

The undersigned first notes that, contrary to the Patey Defendants' contention that the court in Ehrenhaus specifically concerned itself with delay in prosecuting the case, the court considered many factors, not just delay.  See Ehrenhaus, 965 F.2d at 921.  The court specifically stated that the level of delay in the case, without more, would not warrant granting dismissal; the moving party needed to establish that other factors existed that warranted granting dismissal.  Id.  Thus, Celtig need not show that it suffered an actual delay in prosecuting its case if it can point to other factors that justify granting dismissal.  The claim of delay remains implicit in Celtig's filings, however.  On May 15, 2019, fact discovery closed.  Had the Patey Defendants appeared for depositions in February 2018 as originally noticed and responded appropriately to written discovery served in July and September 2018, this case would be nearing resolution on the merits rather than in motion practice regarding contempt and terminating sanctions.

Additionally, Celtig establishes that the Patey Defendants and Mr. Davidson's failure to attend properly noticed depositions—especially when the Court ordered that they waived their objections to the depositions—caused Celtig actual prejudice because it prevented Celtig from obtaining information necessary for it to both support its claims and defend against the Patey Defendants' counterclaims.  Furthermore, the Patey Defendants' failure to provide complete responses to Celtig's First and Second Sets of Discovery Requests impedes Celtig's ability to present its claims or defend against the Patey Defendants' counterclaims adequately.  The Patey Defendants contend they have provided all of the information they possess; however, they fail to provide any justification for their inability to supplement.  For example, Celtig's Interrogatory No. 5

requests each "purported principal's 'full name, present address, if known, and his present employment position and business affiliation.' " (Dec. 27, 2018 E-mail re: Celtig, LLC v. Aaron Patey, et al, Ex. H, ECF No. 142–8.) The Patey Defendants and Mr. Davidson's failure to attend the depositions further deprived Celtig of its ability to obtain this information. Thus, the Patey Defendants' failure to participate in discovery has substantially hampered Celtig's ability to prepare its defense and to prepare to counter any opposition to its affirmative claims.

In addition, Celtig has also suffered prejudice in the form of mounting attorneys' fees due to the Patey Defendants' failure to participate in discovery. Prior to filing this Motion, Celtig filed five discovery motions (see ECF Nos. 88, 89, 97, 98, & 111) and one Motion for Order to Show Cause (ECF No. 87) to compel the Patey Defendants to participate in discovery. The Court awarded Celtig it's costs and fees for bringing its first, second, and third discovery motions (Order re: 1st Set of Disc. Req. 4, ECF No. 106; Order re: 2d Set of Disc. Req. 3, ECF No. 107; Order Granting 3d Short Form Discovery Mot. 2, ECF No. 109.) The Court furthered order the Patey Defendants to reimburse Celtig for its costs and fees it incurred when it attempted and failed to serve a deposition subpoena upon Mr. Davidson and for attorneys' fees it incurred as a result of Mr. Davidson's failure to maintain contact information and to respond to contact from opposing counsel. (Order Granting in Part & Denying in Part Celtig's Mot. for Order to Show Cause & Contempt Citation (ECF NO. 87) 9, ECF No. 176.) The Patey Defendants contend that they cannot pay any monetary sanctions (Opp'n, ECF No. 149 at 6), yet fail to provide any evidentiary support for their inability to pay (R&R 4, 6, ECF No. 177). Thus the Patey Defendants' failure to comply with discovery further

compounds Celtig's accumulation of fees, and the Patey Defendants appear recalcitrant in the face of monetary sanctions.  Lastly, as alleged by Celtig, it needs a resolution to this lawsuit to remove uncertainty regarding its ability to enter into contracts with third parties.  (Mot. 24, ECF No. 141.)

### 2.  The Amount of Interference with the Judicial Process

The Patey Defendants interfered with the judicial process.  A party interferes with the judicial process when it fails to abide by discovery orders.  <u>Jones v. Thompson</u>, 996 F.2d 261, 265 (10th Cir. 1993).  The Patey Defendants failed to comply with multiple court orders (<u>see</u> <u>e.g.</u>, Order re: 1st Set of Disc. Req., ECF No. 106; Order re: 2d Set of Disc. Req., ECF No. 107; Order Granting 3d Short Form Discovery Mot. 2, ECF No. 109).  Specifically, where one party to a civil case refuses to sit for its own deposition in that case, it interferes with the judicial process.  In this case Mr. Davidson, Mr. Patey, PSDI, Relay, and Evergreen all refused to sit for deposition despite this Court's orders. In addition, Mr. Davidson's communication issues, namely his failure to respond to e-mails within forty-eight hours or less, has increased the necessity for Celtig to turn to the Court for assistance to resolve its discovery-related disputes with the Patey Defendants. Accordingly, the Patey Defendants' failure to comply fully with this Court's Orders and to maintain open communication with opposing counsel, has substantially interfered with this Court's ability to manage this case.

### 3.  The Culpability of the Litigant

The blame for the Patey Defendants' failure to comply with this Court's Order requiring them to attend depositions and to provide complete responses to Celtig's discovery requests falls squarely on them.  "[A] dismissal or default sanctions order

14

should be predicated on 'willfulness, bad faith, or [some] fault' rather than just a simple

'inability to comply.' " Lee v. Max Int'l., LLC, 638 F.3d 1318, 1321 (10th Cir. 2011)

(quoting Archibeque, 70 F.3d at 1174).  Mr. Patey and Mr. Davidson's failure to attend

the depositions noticed for January 24 and 25, 2019 resulted solely from their own

actions.  On January 2, 2019, counsel for Celtig e-mailed Mr. Davidson its deposition

notices alerting Mr. Davidson of the deposition dates.  (Jan. 2, 2019 e-mail re Celtig v.

Patey, et al. Deposition Notices, Ex. S, ECF No. 142-19.)  On January 9, 2019, in

response to an e-mail from counsel for Celtig asking him to confirm Mr. Patey's

attendance, Mr. Davidson stated "Abby, I expect Mr. Patey to appear for the [January

24 and 25] depositions."  (Jan. 9, 2019 e-mail re: Deps., Ex. U, ECF No. 142-21; Jan. 9,

2019 e-mail re: Deps., Ex. V, ECF No. 142-22 at 2-3.)  Despite confirming Mr. Patey's

attendance for the deposition in January, on January 23, 2019, the Patey Defendants

filed a Short Form Discovery Motion to Stay Discovery (ECF No. 126) and a Motion for

Protective Order to stay the depositions (ECF No. 127).  On January 23, 2019, counsel

for Celtig e-mailed Mr. Davidson asking him to confirm whether Mr. Patey would appear

for the January 24 and 25 depositions considering their motion to stay and motion for a

protective order.  (Jan. 23, 2019 e-mail re Celtig v. Patey, et al, Ex. Y, ECF No. 142-25.)

After the Court denied the Patey Defendants' motions for failure to meet and confer

(Docket Text Order, ECF No. 128), counsel for Celtig again requested the Patey

Defendants confirm their attendance for the depositions scheduled for January 25,

2019.  (Jan. 24, 2019 e-mail re Celtig v. Patey, Ex. Z, ECF No. 142-26.)  Mr. Davidson

responded by suggesting that, considering Celtig's failure to provide complete

responses to the Patey Defendants' written discovery requests, the parties should

reschedule the depositions at a later date once the Court resolved the Patey
Defendants' pending Motion to Dismiss and Motion for Summary Judgment. (Jan. 24,
2019 E-mail re Celtig v Patey, Ex. AA, ECF No. 142-27.) The Patey Defendants knew
well in advance of the date and subject matter for the depositions. Instead, the Patey
Defendants waited until the eve of the scheduled depositions to try to avoid having to
attend the depositions by filing their motions. Despite the Court's Order stating that the
Patey Defendants had waived any objections to the depositions, and in light of the
Court's denial of their Short Form Discovery Motion to Stay Discovery and Motion for
Protective Order, they still failed to show up for the properly noticed depositions.

The Patey Defendants also fail to offer any justifiable excuse for failing to provide
complete responses to Celtig's First and Second Sets of Discovery Requests. The
Patey Defendants merely state that they have "responded in full to the Plaintiff's various
written discovery requests" (Opp'n, ECF No. 149 at 4) but offer no evidence of
compliance, such as an exhibit.

The Patey Defendants contend Celtig fails to establish their culpability regarding
the January depositions because they filed their motions to seek "protection from those
depositions due to the bad faith of [Celtig's] responses to [their] discovery requests, and
the fact that a clarification of Utah law effectively nullified a tremendous amount of the
case being pursued by [Celtig]." (Id. at 5.) The Patey Defendants further assert the
Court only denied its Restated Motion for Protective Order after counsel for Celtig
"indicated that [it] would no longer be attempting to depose the Defendants in any case."
(Id.) The Patey Defendants' argument fails for the reasons stated above. In addition,
the Patey Defendants misrepresent Celtig's position with respect to scheduling

16

depositions after the Patey Defendants' filed their Restated Motion for Protective Order. Counsel for Celtig made clear that, due to the Patey Defendants' failure to attend depositions, rather than continue to reset depositions that the Patey Defendants likely would not attend, it would instead seek terminating sanctions, which it subsequently filed ten days after the hearing.  Additionally, one party cannot base its refusal to engage in discovery on another party's failure to produce complete discovery.  Further, without a stay, the Patey Defendants had no right to fail to appear for the noticed depositions regardless of their motions to dismiss or summary judgement.  Accordingly, the Patey Defendants' excuses fail to minimize the culpability of their actions.

### 4.  Whether the Court Warned the Party in Advance

On November 30, 2018, the undersigned held a hearing on Celtig's Motion for Order to Show Cause where the undersigned first warned the Patey Defendants of the possibility that the Court would impose terminating sanctions if they continued to obstruct discovery.  On July 9, 2019, the Court entered an Order granting in part and denying in part Celtig's Motion for Order to Show Cause, where the Court again warned the Patey Defendants of the possibility that the Court would enter default judgment or dismiss their counterclaims prior to imposing terminating sanctions.  (Order Granting in Part & Denying in Part Celtig's Mot. for Order to Show Cause & Contempt Citation (ECF No. 87) 8-9, ECF No. 176.)  The Court warned the Patey Defendants that if they continued to fail to comply with discovery, then the Court could impose terminating

sanctions against them in the future if justified.  (Id.)  Thus, the Court has sufficiently warned the Patey Defendants of the possible consequences of their actions.

### 5.  The Efficacy of Lesser Sanctions

Celtig asserts that entering default judgment against the Patey Defendants is the only just sanction because of the Patey Defendants' actions. (Mot. 24, ECF No. 141.) Celtig particularly argues that imposing monetary sanctions and/or extending the deadline for discovery would prove futile because the Patey Defendants appear insolvent, and extending the deadline would only cause Celtig continued harm.  (Id.) The undersigned concludes that, at this time, imposing a lesser sanction of striking Evergreen and Relay's counterclaims against Celtig and prohibiting the Patey Defendants from putting Mr. Patey and Mr. Davidson on the stand and from presenting any evidence that they have not yet produced would prove an adequate remedy for Celtig.

Dismissing a case with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct." Ehrenhaus, 965 F.2d at 920 (citing Meade, 841 F.2d at 1520).  Accordingly, "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.' " Ehrenhaus, 965 F.2d at 920 (citing Meade, 841 F.2d at 1520 n. 6 (citations omitted)) (footnote omitted).  The undersigned finds that the aggravating factors in this case do not completely outweigh "the judicial system's strong predisposition to resolve cases on their merits." Meade, 841 F.2d at 1521 n. 7 (citations omitted).

18

Like the plaintiff in <u>Salinas v. Select Portfolio Servicing Inc.</u>, No. 2:05-CV-00975 PGC, 2007 WL 2956329 (D. Utah Oct. 5, 2007), upon which Celtig relies, the undersigned finds that the Patey Defendants' conduct rises to the level of willfulness. Evergreen and Relay assert claims against Celtig and at the same time refuse to provide any deposition testimony about those claims. A party cannot bring a civil claim, refuse to sit for a deposition in the case, and expect to go to trial. Therefore, striking Evergreen and Relay's counterclaims remedies the harm to Celtig and the judicial process, deters future misconduct from Evergreen and Relay, and appropriately punishes them for their behavior.

As to Celtig's claims however, Celtig has not demonstrated that the Patey Defendants' failures inhibit its ability to put on its case in chief. Celtig should have sufficient evidence to support its claims. Additionally, the Patey Defendants have stated that they have produced all relevant documents in their possession, custody, or control. (Opp'n 4, ECF No. 149.) Nonetheless, Celtig should not have to suffer through a trial by ambush. The Court can maintain the value of trial on the merits while avoiding a trial by ambush by preventing Mr. Patey and Mr. Davidson from testifying and excluding any evidence the Patey Defendants have not already disclosed.

The undersigned again warns the Patey Defendants that if they continue to defy courts orders and continue to undermine the progress of this case, then terminating sanctions on Celtig's claims, namely default judgment, remain a possible sanction for continued misconduct.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Judge DENY Celtig's Motion for Default Judgment IN PART as a lesser sanction exists to adequately remedy the harm caused to Celtig.  Therefore, the undersigned RECOMMENDS the District Judge GRANT the Motion IN PART by imposing a lesser sanction of striking Evergreen and Relay's counterclaims against Celtig and prohibiting the Patey Defendants from putting Mr. Patey and Mr. Davidson on the stand and from presenting any evidence that they have not yet produced in discovery.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 19th day of August, 2019.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge