# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIG, a Tennessee LLC,<br><br>        Plaintiff,<br>   v.<br><br>AARON PATEY, an Individual, EVERGREEN STRATEGIES, a Nevada LLC, PSD INTERNATIONAL, a Utah LLC, RELAY ADVANCED MATERIALS, a Delaware Corporation,<br><br>        Defendants. | **REPORT AND RECOMMENDATION RE: THIRD-PARTY DEFENDANTS UTAH LAKE LEGACY COALITION LLC, BRENT BENJAMIN WOODSON, AND DAVID NIELSON'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS AND COUNTERCLAIMANTS (ECF NO. 154)**<br><br>Civil No. 2:17-cv-01086-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |
| EVERGREEN STRATEGIES, a Nevada LLC; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation,<br><br>        Counterclaimants,<br>   v.<br><br>CELTIG, a Tennessee LLC,<br><br>        Counterdefendant. | |

|   |
|---|
| RELAY ADVANCED MATERIALS and EVERGREEN STRATEGIES,<br><br>   Counterclaim and<br>   Third-Party Plaintiffs,<br><br>v.<br><br>BRENT BENJAMIN WOODSON, PHILLIP COX, MICHAEL GUNDERSON, TIBOR KALNOKI-KIS, BRIAN EDWARDS, DAVID NIELSON, DAVID WAITE, IMPEL SALES, a Utah LLC, and UTAH LAKE LEGACY COALITION, a Utah LLC<br><br>   Third-Party Defendants. |

Third-Party Defendants Utah Lake Legacy Coalition LLC ("ULLC"), Brent Benjamin Woodson, and David Nielson (collectively the "ULLC Defendants") move the Court[1] to enter default judgment against Defendants and Counterclaimants Aaron A. Patey, Evergreen Strategies, LLC ("Evergreen"), PSD International LLC ("PSDI"), and Relay Advanced Materials, Inc. ("Relay") (collectively the "Patey Defendants"). (3d Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Nielson's Mot. for Entry of Default J. Against All Defs. & Counterclaimants, ECF No. 154.) The ULLC Defendants "incorporate by reference the arguments, reasoning, and authorities set forth in Plaintiff Celtig, LLC's Motion for Entry of Default Judgment Against All Defendants and Counterclaimants … and the materials in support thereof." (Id. at 2–3.) The Patey Defendants failed to file a response to the ULLC Defendants' Motion. While the entry at ECF No. 166 for the Patey Defendants' Memorandum in

---

[1] On April 9, 2019, the District Judge referred this Motion to the undersigned Magistrate Judge. (ECF No. 171.)

Opposition refers to the ULLC Defendants' Motion, the filing itself does not reference the ULLC Defendants. (See Opp'n to 3d Party Defs.' Phillip Cox, Michael Gunderson, & Impel Sales, LLC's Mot. for Entry of Default J. [DKT # 158] ("Opp'n"), ECF No. 166.) Therefore, the undersigned finds that the Patey Defendants failed to file a response to the ULLC Defendants' Motion.

On June 25, 2019, the undersigned held argument on the Motion. (Minute Entry, ECF No. 174.) Having considered the Motion and oral argument, the undersigned RECOMMENDS the District Judge GRANT the Motion IN PART and DENY IN PART because the ULLC Defendants only have standing to move for terminating sanctions against Evergreen and Relay on the counterclaims asserted against the ULLC Defendants.

On August 19, 2019, the undersigned issued a Report and Recommendation on Celtig's Motion for Default Judgment. (R&R Re: Celtig's Mot. for Entry of Default J. Against All Defs. & Counterclaimants (ECF No. 141) ("R&R Re: Celtig's Mot. for Entry of Default J."), ECF No. 183.) The Report and Recommendation details the full factual background and procedural history of the discovery-related motion practice in this case. (Id. at 2-10.)

The undersigned first notes that, while the ULLC Defendants move for default judgment, that specific sanction does not apply to them as Third-Party Defendants. In addition, the ULLC Defendants fail to offer any facts specific to them. Nevertheless, in considering both Celtig's Motion (ECF No. 141) and the ULLC Defendants' Motion together, the undersigned can determine that Evergreen and Relay failed to appear for

their Rule 30(b)(6) depositions on multiple occasions, providing a basis for relief for the ULLC Defendants.

As explained in more detail in the Report and Recommendation on Plaintiff Celtig, LLC's Motion for Entry of Default Judgment (R&R re: Celtig's Mot. for Entry of Default J. 10-11, ECF No. 183), the Court must consider the five Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992) factors before deciding to impose terminating sanctions. Those factors are:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant"; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus, 965 F.2d at 921 (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988)) (citations omitted) (alteration in original).

The Patey Defendants failed to appear three times for noticed depositions—February 2018, November 2018, and January 2019. (Order Granting 3d Short Form Disc. Mot. Re: Defs.' Failure to Appear for Properly Noticed Deps. (ECF No. 97), ECF No. 109; see Jan. 24, 2019 E-mail re Celtig v Patey, Ex. BB, ECF No. 142-28 at 2-6 (Counsel for all parties agreed at the hearing that no one appeared for these depositions.).) Their failure to appear deprived the ULLC Defendants of the ability to take testimony and ascertain the factual basis for the claims against them. The Court awarded the ULLC Defendants the costs and fees incurred due to the Patey Defendants' failure to appear for the February and November 2018 depositions. (Order Granting 3d Short Form Disc. Mot. Re: Defs.' Failure to Appear for Properly Noticed Deps. (ECF No. 97) 2, ECF No. 109; Order Granting 3d Party Defs. Utah Lake Legacy

Coalition LLC, Brent Benjamin Woodson, & David Nielson's Short Form Mot. for Award of Attys' Fees (ECF No. 117), ECF No. 123.) However, Evergreen and Relay have not paid those fees. (3d Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Nielson's Mot. for Order to Show Cause & Civil Contempt Citation ("ULLC Defs.' Mot. for Order to Show Cause") 4, ECF No. 155; R&R Certifying Facts Re: Contempt Under 28 U.S.C. § 636(e)(6) & Granting 3d Party Defs. Utah Lake Legacy Coalition LLC, Brent Benjamin Woodson, & David Nielson's Mot. for Order to Show Cause & Contempt Citation (ECF NO. 155) ("R&R Re: ULLC Defs.' Mot. for Order to Show Cause") 4-5, ECF No. 178.) More importantly, the payment of fees does not compensate for the absence of the Patey Defendants' testimony. The fees merely compensate for the cost of obtaining that testimony, which never happened in this case. At the core, without testimony, the ULLC Defendants suffer substantial prejudice in their ability to defend against Evergreen and Relay's claims.

Furthermore, as set forth in the Report and Recommendation on Celtig's Motion, where the plaintiff (in this case the third party plaintiff) in a civil case refuses to sit for its own deposition it interferes with the judicial process. (R&R re: Celtig's Mot. for Entry of Default J. 14, ECF No. 183.) In this case Mr. Davidson, Mr. Patey, PSDI, Relay, and Evergreen all refused to sit for depositions despite this Court's orders.

As to culpability, the blame for the Patey Defendants' failure to comply with this Court's Order requiring them to attend depositions falls squarely on them.

Additionally, on November 30, 2018, during the hearing on Celtig's Motion for Order to Show Cause, the undersigned first warned Evergreen and Relay of the possibility that the Court would impose terminating sanctions for continued discovery

obstruction. The undersigned also struck all objections to the depositions going forward because of these failures to comply. (Order Granting 3d Short Form Discovery Mot., ECF No. 109.) Nonetheless, the Patey Defendants objected to and failed to appear for their January 2019 noticed depositions.

The monetary sanction imposed for this failing did not result in compliance, and Evergreen and Relay never paid the monetary sanction. A party cannot bring a civil claim, refuse to sit for a deposition in the case, and expect to go to trial. The undersigned concludes that imposing a lesser sanction would prove futile as Evergreen and Relay's behavior demonstrates their unwillingness to participate in discovery even when faced with monetary sanctions for their failure to comply. (ULLC Defs.' Mot. for Order to Show Cause, ECF No. 155; R&R Re: ULLC Defs.' Mot. for Order to Show Cause, ECF No. 178.)

In considering the Ehrenhaus factors as a whole, the undersigned RECOMMENDS the District Judge GRANT IN PART and DENY IN PART the Motion.

**RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the District Judge GRANT IN PART the ULLC Defendant's Motion by striking Evergreen and Relay's Third Party claims against the ULLC Defendants. The undersigned RECOMMENDS the District Judge DENY IN PART the ULLC Defendants' Motion for Default Judgment because the requested relief is inapplicable to them, and they have no standing to request dismissal of claims against or granting of default judgment on behalf of Celtig.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), without fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 22nd day of August, 2019.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge