# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIG, a Tennessee LLC,<br><br>   Plaintiff,<br> v.<br><br>AARON PATEY, an Individual, EVERGREEN STRATEGIES, a Nevada LLC, PSD INTERNATIONAL, a Utah LLC, RELAY ADVANCED MATERIALS, a Delaware Corporation,<br><br>   Defendants. | **REPORT AND RECOMMENDATION RE: THIRD-PARTY DEFENDANTS PHILLIP COX, MICHAEL GUNDERSON, & IMPEL SALES, LLC'S MOTION [FOR] ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS AND COUNTERCLAIMANTS (ECF NO. 158)**<br><br>Civil No. 2:17-cv-01086-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |
| EVERGREEN STRATEGIES, a Nevada LLC; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation,<br><br>   Counterclaimants,<br> v.<br><br>CELTIG, a Tennessee LLC,<br><br>   Counterdefendant. | |

1

| | |
|---|---|
| RELAY ADVANCED MATERIALS and EVERGREEN STRATEGIES,<br><br>        Counterclaim and<br>        Third-Party Plaintiffs,<br><br>v.<br><br>BRENT BENJAMIN WOODSON, PHILLIP COX, MICHAEL GUNDERSON, TIBOR KALNOKI-KIS, BRIAN EDWARDS, DAVID NIELSON, DAVID WAITE, IMPEL SALES, a Utah LLC, and UTAH LAKE LEGACY COALITION, a Utah LLC<br><br>        Third-Party Defendants. | |

Third-Party Defendants Phillip Cox, Michael Gunderson, and Impel Sales, LLC (collectively the "Impel Third-Party Defendants") move the Court[1] to enter default judgment against Defendants and Counterclaimants Aaron A. Patey, Evergreen Strategies, LLC ("Evergreen"), PSD International LLC ("PSDI"), and Relay Advanced Materials, Inc. ("Relay") (collectively the "Patey Defendants"). (3d Party Defs. Phillip Cox, Michael Gunderson, & Impel Sales LLC's Mot. [for] Entry of Default J. Against All Defs. & Counterclaimants ("Mot."), ECF No. 158.) The Impel Third-Party Defendants "incorporate by reference the arguments, reasoning, and authorities set forth in Plaintiff Celtig, LLC's Motion for Entry of Default Judgment Against All Defendants and Counterclaimants ... and the materials in support thereof." (Id. at 2–3.) The Patey Defendants oppose the Impel Third-Party Defendants' Motion on the grounds that the arguments Celtig makes in its respective Motion for Default Judgment do not apply to

---

[1] On April 9, 2019, the District Judge referred this Motion to the undersigned Magistrate Judge. (ECF No. 171.)

the Impel Third-Party Defendants and they fail to show how they are entitled to their requested relief. (Opp'n to 3d Party Defs. Phillip Cox, Michael Gunderson, & Impel Sales, LLC's Mot. for Entry of Default J. [DKT # 158] ("Opp'n"), ECF No. 166 at 2.)

On June 25, 2019, the undersigned held argument on the Motion. (Minute Entry, ECF No. 174.) Having considered the Motion, the parties' briefing, and oral argument, the undersigned RECOMMENDS the District Judge GRANT the Motion IN PART and DENY IN PART because the Impel Third-Party Defendants only have standing to move for terminating sanctions against Evergreen and Relay on the counterclaims asserted against them.

On August 19, 2019, the undersigned issued a Report and Recommendation on Celtig's Motion for Default Judgment. (R&R Re: Celtig's Mot. for Entry of Default J. Against All Defs. & Counterclaimants (ECF No. 141) ("R&R Re: Celtig's Mot. for Entry of Default J."), ECF No. 183.) The Report and Recommendation details the full factual background and procedural history of the discovery-related motion practice in this case. (Id. at 2-10.)

The undersigned first notes that, while the Impel Third-Party Defendants move for default judgment, that specific sanction does not apply to them as Third-Party Defendants. In addition, the Impel Third-Party Defendants fail to offer any facts specific to them. Nevertheless, in considering both Celtig's Motion (ECF No. 141) and the Impel Third Party Defendants' Motion together, the undersigned can determine that Evergreen and Relay failed to appear for their Rule 30(b)(6) depositions on multiple occasions, providing a basis for relief for the Impel Third-Party Defendants.

As explained in more detail in the Report and Recommendation on Celtig's Motion (R&R re: Celtig's Mot. for Entry of Default J. 10-11, ECF No. 183), the Court must consider the five <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992) factors before deciding to impose terminating sanctions. Those factors are:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant"; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

<u>Ehrenhaus</u>, 965 F.2d at 921 (quoting <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1465 (10th Cir. 1988)) (citations omitted) (alteration in original).

The Patey Defendants failed to appear three times for noticed depositions—February 2018, November 2018, and January 2019. (Order Granting 3d Short Form Disc. Mot. Re: Defs.' Failure to Appear for Properly Noticed Deps. (ECF No. 97), ECF No. 109; <u>see</u> Jan. 24, 2019 E-mail re Celtig v Patey, Ex. BB, ECF No. 142-28 at 2-6 (Counsel for all parties agreed at the hearing that no one appeared for these depositions.).) Their failure to appear deprived the Impel Third-Party Defendants of the ability to take testimony and ascertain the factual basis for the claims against them. The Court awarded the Impel Third-Party Defendants the costs and fees incurred due to the Patey Defendants' failure to appear for the February and November 2018 depositions. (Order Granting 3d Short Form Disc. Mot. Re: Defs.' Failure to Appear for Properly Noticed Deps. (ECF No. 97) 2, ECF No. 109; Order Granting 3d Party Defs. Phillip Cox, Michael Gunderson, & Impel Sales, LLC's Short Form Mot. for Award of Atty. Fees (ECF No. 118), ECF No. 122.) However, Evergreen and Relay have not paid those fees. (3d Party Defs. Phillip Cox, Michael Gunderson, & Impel Sales, LLC's Mot. for

4

Order to Show Cause & Civil Contempt Citation ("Impel 3d Party Defs.' Mot. for Order to Show Cause"), ECF No. 150; R&R Certifying Facts Re: Contempt Under 28 U.S.C. § 636(e)(6) & Granting 3d Party Defs.' Phillip Cox, Michael Gunderson, & Impel Sales, LLC's Mot. for Order to Show Cause & Contempt Citation (ECF NO. 150) ("R&R Re: Impel 3d Party Defs.' Mot. for Order to Show Cause") 4, ECF No. 177.) More importantly, the payment of fees does not compensate for the absence of the Patey Defendants' testimony. The fees merely compensate for the cost of obtaining that testimony, which never happened in this case. At the core, without testimony, the Impel Third-Party Defendants suffer substantial prejudice in their ability to defend against Evergreen and Relay's claims.

Furthermore, as set forth in the Report and Recommendation on Celtig's Motion, where the plaintiff (in this case the third party plaintiff) in a civil case refuses to sit for its own deposition it interferes with the judicial process. (R&R re: Celtig's Mot. for Entry of Default J. 14, ECF No. 183.) In this case, Mr. Davidson, Mr. Patey, PSDI, Relay, and Evergreen all refused to sit for depositions despite this Court's orders.

As to culpability, the blame for the Patey Defendants' failure to comply with this Court's Order requiring them to attend depositions falls squarely on them.

Additionally, on November 30, 2018 during the hearing on Celtig's Motion for Order to Show Cause, the undersigned first warned Evergreen and Relay of the possibility that the Court would impose terminating sanctions for continued discovery obstruction. The undersigned also struck all objections to the depositions going forward because of these failures to comply. (Order Granting 3d Short Form Discovery Mot.,

5

ECF No. 109.) Nonetheless, the Patey Defendants objected to and failed to appear for their January 2019 noticed depositions.

The monetary sanction imposed for this failing did not result in compliance, and Evergreen and Relay never paid the monetary sanction. A party cannot bring a civil claim, refuse to sit for a deposition in the case, and expect to go to trial. The undersigned concludes that imposing a lesser sanction would prove futile as Evergreen and Relay's behavior demonstrates their unwillingness to participate in discovery even when faced with monetary sanctions for their failure to comply. (Impel 3d Party Defs.' Mot. for Order to Show Cause, ECF No. 150; R&R Re: Impel 3d Party Defs.' Mot. for Order to Show Cause 4, ECF No. 177.)

In considering the Ehrenhaus factors as a whole, the undersigned RECOMMENDS the District Judge GRANT IN PART and DENY IN PART the Motion.

**RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the District Judge GRANT IN PART the Impel Third-Party Defendants' Motion by striking Evergreen and Relay's Third Party claims against the Impel Third-Party Defendants. The undersigned RECOMMENDS the District Judge DENY IN PART the Impel Third-Party Defendants' Motion for Default Judgment because the requested relief is inapplicable to them and they have no standing to request dismissal of claims against or granting of default judgment on behalf of Celtig.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation

with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), without fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 22nd day of August, 2019.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge