IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELTIG, LLC, a Tennessee limited liability company;<br><br>Plaintiff,<br>v.<br><br>AARON A. PATEY, an individual; EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; PSD INTERNATIONAL, LLC, a Utah limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Defendants. | **ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND FINDING DEFENDANTS IN CIVIL CONTEMPT**<br><br>Case No. 2:17-cv-01086<br><br>District Judge Jill N. Parrish |
| EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Counterclaimants,<br>v.<br><br>CELTIG, LLC, a Tennessee limited liability company;<br><br>Counterclaim-Defendant. | |
| EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Counterclaim and<br>Third-Party Plaintiffs,<br>v.<br><br>BRENT BENJAMIN WOODSON; PHILLIP COX; MICHAEL GUNDERSON; DAVID NIELSON; IMPEL SALES, LLC, a Utah Limited Liability Company; and UTAH LAKE LEGACY COALITION LLC, a Utah limited liability company;<br><br>Third-Party Defendants. | |

Plaintiff Celtig, LLC brought this lawsuit against Defendants Aaron Patey, Evergreen Strategies, LLC, PSD International, LLC, and Relay Advanced Materials, Inc. (collectively "Defendants") seeking damages and declaratory relief for alleged breach of contract. ECF No. 17. Defendants filed counterclaims against Plaintiff and third-party claims against two sets of Third-Party Defendants: Utah Lake Legacy Coalition, LLC, Brent Benjamin Woodson, and David Nielson (collectively "ULLC Third-Party Defendants"), and Impel Sales, LLC, Phillip Cox, and Michael Gunderson (collectively "Impel Third-Party Defendants"). ECF No. 22. The court referred this matter to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 9.

In November 2018, Defendants failed to appear at properly noticed depositions. ECF No. 109. Judge Furse ordered the parties to meet and confer regarding the amount of reasonable attorneys' fees due to the Third-Party Defendants because of the Defendants' failure to appear for the depositions. *Id*. On January 3, 2019, both ULLC Third-Party Defendants and Impel Third-Party Defendants alleged that Defendants failed to meet and confer to discuss the amount of reasonable attorneys' fees. ECF Nos. 117, 118. Accordingly, ULLC Third-Party Defendants filed a motion for $1,833.75 in attorney's fees. ECF No. 117. And Impel Third-Party Defendants filed a motion for $2,199 in attorney's fees. ECF No. 118. Defendants did not file an opposition to the Third-Party Defendants' motions and, on January 18, 2019, Judge Furse ordered the Defendants to pay the requested attorneys' fees by February 18, 2019. ECF Nos. 122, 123.

The parties subsequently rescheduled the Defendants' depositions to be held on January 24 and January 25, 2019, but the Defendants again failed to appear. ECF No. 183. Instead, Defendants filed a motion to dismiss and a motion for summary judgment. ECF Nos. 124, 125. On February 7, 2019, counsel for ULLC Third-Party Defendants sent an email to Defendants reminding them

2

of the upcoming deadline for paying the attorneys' fees award. ECF No. 155–1. But Defendants did not pay the attorneys' fees within the thirty-day period. ECF Nos. 177, 178. On March 1, 2019, and on March 4, 2019, Impel Third-Party Defendants and ULLC Third-Party Defendants filed motions requesting that Judge Furse issue an order to show cause why Defendants should not be held in civil contempt for violating the January 18, 2019 Order to pay attorneys' fees. ECF Nos. 150, 155. Judge Furse issued the show cause orders. ECF Nos. 151, 156. On March 15, 2019, and on March 19, 2019, Defendants responded to the show cause orders, asserting without any supporting evidence that the attorneys' fees have not been paid because Defendants have "no money and no assets." ECF Nos. 164 at 3, 165 at 3.

After reviewing the parties' briefing, Judge Furse issued two Reports and Recommendations advising this court to grant in part the ULLC Third-Party Defendants' and Impel Third-Party Defendants' motions and to hold Defendants in civil contempt. ECF Nos. 177, 178. Each report stated that the Third-Party Defendants had proven by clear and convincing evidence that "a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citations and quotations omitted). Upon this showing, the burden shifted to Defendants to show they "could not comply with [the order]." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). If inability to pay is the reason for non-compliance with a court order, the Defendants "must come forward with evidence of [its] financial status." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). Judge Furse found that the Defendants failed to meet their burden of showing that it was impossible to comply with the order because they "provided no evidence of their financial status." ECF Nos. 177 at 7, 178 at 7. Accordingly, Judge Furse recommended holding the Defendants in civil contempt and imposing a fine of $100 per day

to be paid to the ULLC Third-Party Defendants and to the Impel Third Party Defendants for every day the Defendants fail to pay the attorneys' fees ordered on January 18, 2019. *See* ECF Nos. 177 at 7, 178 at 7. To this day, Defendants have not paid the attorneys' fees.

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), when a magistrate judge finds a party committed an act that "constitutes a civil contempt," the party must "appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified" by the magistrate judge. The district judge must "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.* The court held the civil contempt hearing on September 18, 2019. At the hearing, Defendants did not contest the factual findings made by Judge Furse in her two Reports and Recommendations. Nor did Defendants challenge the legal basis upon which the Reports and Recommendations relied. Rather, Defendants merely reiterated their conclusory argument that the Defendant entities are insolvent, without providing any evidence of their financial status. Moreover, Defendants did not dispute that, regardless of a corporate entities' insolvency, civil contempt citations may extend to controlling officers or principals of a corporation, as well as to alter ego entities.[1]

Based on the September 18, 2019 civil contempt hearing and having reviewed each Report and Recommendation and their conclusions that the Third-Party Defendants' motions should be

---

[1] *See Wilson v. United States*, 221 U.S. 361, 376 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."); *see also F.T.C. v. Kuykendall*, 371 F.3d 745, 759 (10th Cir. 2004) (en banc) (holding that the president of a corporation "may appropriately be held jointly liable for the contempt."); *United States v. Voss*, 82 F.3d 1521, 1526 (10th Cir. 1996) (holding that individual liability for contempt "may arise from the agent's general control over the organization's operations."); *United States v. Badger*, 818 F.3d 563, 568 (10th Cir. 2016) (in the civil contempt context, finding that Utah Law concerning alter ego corporations permits "a corporation or other entity [to] be liable for the debt of someone who controls the entity.").

granted in part, the court concludes that the Reports and Recommendations are not clearly erroneous. Therefore, the court ORDERS as follows:

1. The Court adopts in full the Report and Recommendation regarding the ULLC Third-Party Defendants' motion to find the Defendants in civil contempt (ECF No. 178).

2. The Court adopts in full the Report and Recommendation regarding the Impel Third-Party Defendants' motion to find the Defendants in civil contempt (ECF No. 177).

3. The court hereby imposes a sanction of $100 per day for every day the Defendants fail to fully comply with the January 18, 2019 Order (ECF No. 123) compelling Defendants to pay the ULLC Third-Party Defendants $1,833.75 in attorneys' fees. The Defendants have seven (7) days to pay the attorneys' fees award and purge the civil contempt citation before fines are imposed.

4. The court hereby imposes a sanction of $100 per day for every day the Defendants fail to fully comply with the January 18, 2019 Order (ECF No. 122) compelling Defendants to pay the Impel Third-Party Defendants $2,199 in attorneys' fees. The Defendants have seven (7) days to pay the attorneys' fees award and purge the civil contempt citation before fines are imposed.

SO ORDERED September 19, 2019

BY THE COURT:

Jill N. Parrish

United States District Court Judge