IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELTIG, LLC, a Tennessee limited liability company;<br><br>Plaintiff,<br>v.<br><br>AARON A. PATEY, an individual; EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; PSD INTERNATIONAL, LLC, a Utah limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-01086<br><br>District Judge Jill N. Parrish |
| EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Counterclaimants,<br>v.<br><br>CELTIG, LLC, a Tennessee limited liability company;<br><br>Counterclaim-Defendant. | |
| EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Counterclaim and<br>Third-Party Plaintiffs,<br>v.<br><br>BRENT BENJAMIN WOODSON; PHILLIP COX; MICHAEL GUNDERSON; DAVID NIELSON; IMPEL SALES, LLC, a Utah Limited Liability Company; and UTAH LAKE LEGACY COALITION LLC, a Utah limited liability company;<br><br>Third-Party Defendants. | |

Plaintiff Celtig, LLC, brought this lawsuit against Defendants Aaron Patey, Evergreen Strategies, LLC, PSD International, LLC, and Relay Advanced Materials, Inc. (collectively "Defendants") seeking damages and declaratory relief for alleged breach of contract. ECF No. 17. Defendants filed counterclaims against Plaintiff and third-party claims against two sets of Third-Party Defendants: Utah Lake Legacy Coalition, LLC, Brent Benjamin Woodson, and David Nielson (collectively "ULLC Third-Party Defendants"), and Impel Sales, LLC, Phillip Cox, and Michael Gunderson (collectively "Impel Third-Party Defendants"). ECF No. 22. The court referred this matter to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 9. After a series of discovery disputes, including Defendants failing to appear at properly noticed depositions in November 2018 and January 2019, Plaintiffs filed a "motion for entry of default judgment against all defendants and counterclaimants" (the "motion") on February 14, 2019. ECF No. 141. Defendants filed a response in opposition to the motion on February 28, 2019, and Plaintiffs replied on March 14, 2019. ECF Nos. 149, 162. During this time, both ULLC Third-Party Defendants and Impel Third-Party Defendants also filed motions for entry of default judgment against Defendants, and Judge Furse issued two Reports and Recommendations granting the motions by striking all of Defendants' third-party claims. ECF Nos. 185, 186. This court adopted the Reports and Recommendations in full on September 9, 2019. ECF. No. 190.

After reviewing the parties' briefing and holding oral argument on June 25, 2019, Judge Furse issued a Report and Recommendation advising this court to grant in part and deny in part the Plaintiff's motion for default judgment. ECF No. 183. The report recommends imposing sanctions on Defendants by "striking Evergreen and Relay's counterclaims against Celtig, prohibiting the Patey Defendants from putting Mr. Patey and Mr. Davidson on the stand, and barring the Patey Defendants from presenting any evidence they have not yet produced in

2

discovery." *Id.* at 2. The report also specified that, pursuant to Fed. R. Civ. P. 72(b)(2), the parties were to file any objections with the court within fourteen (14) days of service. *Id.* at 20. The time to object expired on September 3, 2019, and the court has received no objections. Defendants' failure to object waived any argument that the Report and Recommendation was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But the court notes that it need not apply this waiver rule as a procedural bar if "the interests of justice so dictate." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Having reviewed the Report and Recommendation and its conclusion that the Plaintiff's motion should be granted in part and denied in part, the court concludes that the Report and Recommendation is not clearly erroneous and finds that the interests of justice do not warrant deviation from the waiver rule. Accordingly, the court ORDERS as follows:

1. The court ADOPTS IN FULL the Report and Recommendation regarding the Plaintiff's motion for default judgment (ECF No. 183).
2. The court grants the motion by "striking Evergreen and Relay's counterclaims against Celtig, prohibiting the Patey Defendants from putting Mr. Patey and Mr. Davidson on the stand, and barring the Patey Defendants from presenting any evidence they have not yet produced in discovery." ECF No. 183 at 2.

SO ORDERED September 19, 2019

BY THE COURT:

Jill N. Parrish

United States District Court Judge