# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIG, a Tennessee LLC,<br><br>      Plaintiff,<br>v.<br><br>AARON PATEY, an Individual, EVERGREEN STRATEGIES, a Nevada LLC, PSD INTERNATIONAL, a Utah LLC, RELAY ADVANCED MATERIALS, a Delaware Corporation,<br><br>      Defendants. | **REPORT AND RECOMMENDATION CERTIFYING FACTS REGARDING CONTEMPT UNDER 28 U.S.C. § 636(e)(6) AND GRANTING CELTIG, LLC'S MOTION FOR ORDER TO SHOW CAUSE (ECF NO. 181)**<br><br>Civil No. 2:17-cv-01086-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |
| EVERGREEN STRATEGIES, a Nevada LLC; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation,<br><br>      Counterclaimants,<br>v.<br><br>CELTIG, a Tennessee LLC,<br><br>      Counterdefendant. | |

1

|  |
|---|
| RELAY ADVANCED MATERIALS and EVERGREEN STRATEGIES,<br><br>        Counterclaim and<br>        Third-Party Plaintiffs,<br><br>v.<br><br>BRENT BENJAMIN WOODSON, PHILLIP COX, MICHAEL GUNDERSON, TIBOR KALNOKI-KIS, BRIAN EDWARDS, DAVID NIELSON, DAVID WAITE, IMPEL SALES, a Utah LLC, and UTAH LAKE LEGACY COALITION, a Utah LLC<br><br>        Third-Party Defendants. |

On August 13, 2019, Plaintiff Celtig, LLC moved the Court[1] to compel Defendants and Counterclaimants Aaron Patey, Evergreen Strategies, LLC, PSD International, LLC, and Relay Advanced Materials, Inc. (collectively the "Patey Defendants") to show cause "why sanctions—up to and including dismissal of their claims against Celtig—should not be imposed against them." (Mot. for Order to Show Cause Why Sanctions Should Not be Imposed Against Defs. & Counterclaimants ("Mot.") 2, ECF No. 181). Celtig contends the Patey Defendants failed to participate in discovery, including appearing for properly noticed depositions and supplementing their discovery responses, and failed to comply with this Court's July 8, 2019 Order (ECF No. 175) compelling them to pay Celtig $1,595.15 in fees within fourteen days from the date of entry of the Order. (Mot. 2–3, ECF No. 181; see also Order Denying in Part & Granting in Part Celtig, LLC's 5th Short Form Discovery Mot. Re: Attys' Fees Pursuant

---

[1] On October 4, 2017, the District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 9.)

2

to the Court's Orders Dated Dec. 7, 2018 & Dec. 10, 2018 & Fed. R. Civ. 37(a)(5)(A) (ECF No. 111) ("July 8, 2019 Order"), ECF No. 175.)

Having considered the parties' briefing[2], the undersigned declines to find facts warranting holding the Patey Defendants in civil contempt for their failure to participate in discovery. The undersigned issued a Report and Recommendation on Celtig's Motion for Default Judgment, which recommended imposing certain sanctions against the Patey Defendants as a remedy to Celtig for the Patey Defendants' failure to participate in discovery. (R&R Re: Celtig's Mot. for Entry of Default J. Against All Defs. & Counterclaimants (ECF No. 141), ECF No. 183.) On September 19, 2019, the District Judge adopted that Report and Recommendation in full. (See Order Adopting R&R 3, ECF No. 192.) Given the imposition of those sanctions, the undersigned finds a finding of contempt for failure to comply with discovery unnecessary. Nonetheless, the undersigned finds facts warranting holding the Patey Defendants in civil contempt for their failure to comply with the July 8, 2019 Order compelling payment of fees. Therefore, the undersigned RECOMMENDS the District Judge hold the Patey Defendants in contempt of Court fining them $100 per day for every day they fail to comply fully with the July 8, 2019 Order compelling them to pay Celtig $1,595.15 in fees.

---

[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the undersigned finds oral argument unnecessary and formulates this Report and Recommendation on the basis of the written memoranda.

3

To that end, the undersigned certifies the following facts, found by clear and convincing evidence, to the District Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and requests the District Judge issue an Order to Show Cause:

1. On December 21, 2018, Celtig filed a Short-Form Discovery Motion for Attorneys' Fees (Celtig, LLC's 5th Short Form Discovery Mot. Re: Attys' Fees Pursuant to the Court's Orders Dated Dec. 7, 2018 & Dec. 10, 2018 & Fed. R. 37(a)(5)(A), ECF No. 111) pursuant to this Court's December 7, 2018 and December 10, 2018 Orders and Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. (See Order Granting Short Form Discovery Mot. Re: Defs.' Inadequate Responses to Pl.'s 1st Set of Discovery Requests, ECF No. 106 & Order Granting Short Form Discovery Mot. Re: Defs.' Inadequate Responses to Pl.'s 2d Set of Discovery Requests, ECF No. 107.)

2. On December 31, 2018, the Patey Defendants opposed Celtig's Motion challenging the reasonableness of the fees Celtig requested and the manner in which it sought to demonstrate its entitlement to its requested fees. (Opp'ns to Mot. Reflected on Dkt. 111 2, ECF No. 116.)

3. On July 8, 2019, the undersigned denied in part and granted in part Celtig's Motion and ordered the Patey Defendants to pay Celtig $1,595.15 in fees by July 22, 2019—fourteen days from the date of entry of the July 8, 2019 Order. (July 8, 2019 Order 9–10, ECF No. 175.)

4. By August 13, 2019, the Patey Defendants had still not paid Celtig. (Mot. ¶ 8, ECF No. 181; Decl. of Abigail Dizon-Maughan in Supp. of Mot. for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defs. & Counterclaimants

4

("Dizon-Maughan Decl.") ¶ 10, ECF No. 181–1.)  Neither had the Patey Defendants sought relief from the Order.

5. On August 14, 2019, the undersigned ordered the Patey Defendants to file a response to Celtig's Motion for Order to Show Cause.  (Docket Text Order, ECF No. 182.)

6. On August 21, 2019, the Patey Defendants filed their response in which they did not address their failure to pay Celtig its $1,595.15 in fees.  Instead, the Patey Defendants argued, by filing the instant Motion before the Court issues a decision on Celtig's Motion for Default Judgment, Celtig attempts to "get a second bite at the apple before they've even completed the first bite."  (Resp. to Mot. for Order to Show Cause [DKT #181] ("Resp."), ECF No. 184 at 2.)

7. To the date of this Report and Recommendation, the Patey Defendants have failed to file anything with this Court showing payment of fees.

## BASIS FOR RECOMMENDATION

A party seeking civil contempt bears the initial "burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."  Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citations omitted) (quoting Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995)).  The moving party need not prove that the defendant willfully disobeyed a court's order.  John Zink Co. v. Zink, 241 F.3d 1256, 1262 (10th Cir. 2001) ("[A] finding of willfulness is not required to award attorney fees in a civil contempt proceeding."); Bad Ass Coffee Co. v. Bad Ass Coffee Ltd. P'ship, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citing Goluba v. School Dist. of

Ripon, 45 F.3d 1035, 1037 (7th Cir.1995) (noting "contemnor's disobedience need not be 'willful' to constitute civil contempt"). If the moving party satisfies his burden, the burden shifts to the non-movant "to show either that he had complied with the order or that he could not comply with it." United States v. Ford, 514 F.3d 1047, 1051 (10th Cir. 2008) (citing United States v. Rylander, 460 U.S. 752, 757 (1983)).

Based on the submissions before the Court, Celtig has shown by clear and convincing evidence that the Court issued a valid order compelling the Patey Defendants to pay $1,595.15 in fees; the Patey Defendants do not contend that they lacked knowledge of the Order (see Resp., ECF No. 184); and they fail to establish that they have complied with the Order (id.). Because the Patey Defendants fail to establish that they have complied with the Order, the burden shifts to them to show that they could not comply with the Order. The Patey Defendants fail to meet their burden as they assert no defense for their failure to pay the fees. (See id.) The Patey Defendants merely assert that the Court should "find that it has already addressed [the issues in the instant Motion] pursuant to earlier motions", and therefore, the Court should deny "this duplicative effort" as moot. (Id. at 3.) The Patey Defendants' argument fails with respect to the fees. A decision on Celtig's Motion for Default Judgment does not absolve the Patey Defendants' obligation to pay the court ordered fees for their failure to appear for properly noticed depositions. Accordingly, because the Patey Defendants fail to demonstrate that they have complied or could not comply with the July 8, 2019 Order, they fail to meet their burden to overcome finding them in civil contempt.

On these bases, the undersigned RECOMMENDS the District Judge order the Patey Defendants to pay Celtig $1,595.15 in fees. The undersigned further

RECOMMENDS the District Judge hold the Patey Defendants in civil contempt with a fine of $100.00 per day for every day they fail to comply fully with the July 8, 2019 Order.

## CERTIFICATION

The Magistrate Judge certifies the foregoing facts to the District Judge under 28 U.S.C. § 636(e)(6)(B)(iii) as constituting civil contempt. Accordingly, the Magistrate Judge requests that the District Judge establish a day certain for a hearing requiring the Patey Defendants to appear in person before the District Judge to show cause why the Court should not find them in civil contempt by reason of the facts so certified and suffer the imposition of sanctions as follows: a fine of $100.00 per day for every day they fail to comply fully with the July 8, 2019 Order compelling them to pay Celtig $1,595.15 in fees.

DATED this 30th day of December, 2019.

BY THE COURT:

_Evelyn J. Furse_
Evelyn J. Furse
United States Magistrate Judge