IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELTIG, LLC, a Tennessee limited liability company;<br><br>Plaintiff,<br>v.<br><br>AARON A. PATEY, an individual; EVERGREEN STRATEGIES, LLC, a Nevada limited liability company; PSD INTERNATIONAL, LLC, a Utah limited liability company; and RELAY ADVANCED MATERIALS, INC., a Delaware Corporation;<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND FINDING DEFENDANTS IN CIVIL CONTEMPT**<br><br>Case No. 2:17-cv-01086<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Celtig, LLC ("Plaintiff") brought this lawsuit against Defendants Aaron Patey, Evergreen Strategies, LLC, PSD International, LLC, and Relay Advanced Materials, Inc. (collectively, "Defendants") seeking damages and declaratory relief for alleged breach of contract. ECF No. 17. Defendants filed counterclaims against Plaintiff and third-party claims against two sets of Third-Party Defendants. ECF No. 22. The court referred this matter to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 9.

On July 8, 2019, the court ordered Defendants to pay Plaintiff $1,595.15 for the attorney's fees that Plaintiff incurred because of Defendants' failure to appear at properly noticed depositions. ECF No. 175. The court ordered Defendants to pay Plaintiff by July 15, 2019. *Id.* Plaintiff alleges that Defendants failed to comply with the order to pay attorney's fees and committed further discovery violations. ECF No. 181. Plaintiff moved for an order to compel Defendants to show cause "why sanctions—up to and including dismissal of their claims against Celtig—should not be imposed against them." *Id.* at 2.

After reviewing the parties' briefing, Judge Furse issued a Report and Recommendation advising the court to grant in part and deny in part Plaintiffs' motion and to hold Defendants in civil contempt. ECF No. 214. First, Judge Furse conducted fact finding and recommended that Defendants should not be held in civil contempt for their continued discovery violations. *Id.* at 3. Judge Furse reasoned that the court has already imposed sanctions on Defendants for discovery violations, *see* ECF No. 192, and the new alleged misconduct did not justify imposing greater sanctions such as default judgment, *see* ECF No. 214 at 3.

Second, Judge Furse conducted fact finding and recommended that Defendants should be held in civil contempt for failing to comply with the court's July 8, 2019 Order compelling Defendants to pay Plaintiff $1,595.15 in attorney's fees by July 15, 2019. *Id.* Judge Furse found that Plaintiff has proven by clear and convincing evidence that "a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Id.* at 5 (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)). Upon this showing, the burden shifted to Defendants to show they "could not comply with [the order]." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). Instead of providing evidence to meet this burden, Defendants argued that Plaintiff's Motion was moot because Plaintiff had also previously moved for default judgment based on other discovery violations. ECF No. 214 at 6. But as Judge Furse recognized, Defendants' mootness "argument fails with respect to fees" because the court's decision concerning Plaintiff's Motion for Default Judgement "does not absolve the [] Defendants' obligation to pay the court ordered fees." *Id.* Accordingly, Judge Furse recommended that the court (1) reinforce the July 8, 2019 Order for Defendants to pay Plaintiff $1,595.15 in fees; and (2) hold the Defendants in civil contempt for failing to comply with the July 8, 2019 Order

2

and impose a fine against Defendants of $100 per day to be paid to Plaintiff for every day the Defendants fails to pay the awarded attorney's fees.

The Report and Recommendation also specified that, pursuant to FED. R. CIV. P. 72(b)(2), the parties were to file any objections with the court within fourteen (14) days of service. The time to object expired on January 14, 2020, and the court has received no objections to the Report and Recommendation. The parties' failure to object waived any argument that the Report and Recommendation was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But the court notes that it need not apply this waiver rule as a procedural bar if "the interests of justice so dictate." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

In addition, when a magistrate judge finds a party committed an act that "constitutes a civil contempt," the district court must issue "an order required such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified" by the magistrate judge. 28 U.S.C. § 636(e)(6)(B)(iii). The district judge must "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.* The court held the civil contempt hearing on March 6, 2020. *See* ECF No. 218. Despite properly effectuated notice of the civil contempt hearing, *see* ECF No. 217, counsel for Defendants failed to appear for the hearing, *see* ECF No. 218. Court personnel called counsel for Defendants, but counsel did not answer. *Id.* Accordingly, Defendants' failure to appear resulted in its failure to contest the factual findings and legal basis upon which Judge Furse's Report and Recommendation relied. In addition, Plaintiff's counsel represented that as of

March 6, 2020, Defendants had still not complied with the July 8, 2019 Order to pay Plaintiff $1,595.15 in attorney's fees.

Based on the March 6, 2020 civil contempt hearing and having reviewed the Report and Recommendation that the Plaintiff's Motion should be granted in part, the court concludes that the Report and Recommendation is not clearly erroneous. Therefore, the court ORDERS as follows:

1. The court adopts in full the Report and Recommendation (ECF No. 214) regarding Plaintiff's Motion (ECF No. 181).

2. The court hereby reinforces the July 8, 2019 Order (ECF No. 175) that Defendants must pay Plaintiff $1,595.15 in attorney's fees.

3. The court hereby holds the Defendants in civil contempt and imposes a sanction on Defendants of $100 per day for every day that Defendants fail to fully comply with the July 8, 2019 Order (ECF No. 175). The Defendants have until Monday, March 9, 2020, to pay the attorneys' fees and purge the civil contempt citation before fines begin to be imposed.

SO ORDERED March 6, 2020

BY THE COURT:

*Jill N. Parrish*

Jill N. Parrish

United States District Court Judge