FILED
2021 JAN 27 PM 12:12
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELTIG, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AARON A. PATEY; EVERGREEN STRATEGIES, LLC; PSD INTERNATIONAL, LLC; AND RELAY ADVANCED MATERIALS, INC.,<br><br>　　　　Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:17-cv-01086-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a Renewed Motion for Default Judgment (ECF No. 220) filed by Celtig, LLC ("Celtig" or "Plaintiff"). Plaintiff moves the court to enter default judgment against Aaron A. Patey, Evergreen Strategies, LLC ("Evergreen"), PSD International, LLC ("PSDI"), and Relay Advanced Materials, Inc. ("Relay") (collectively "Defendants") under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure for "continued willful violations of this Court's discovery orders and the Federal Rules of Civil Procedure." For the reasons set forth herein, the court GRANTS Plaintiff's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Docket entries addressing Defendants' misconduct in this matter abound. Celtig previously moved for default judgment as a sanction for Defendants' litany of discovery-related violations of the Federal Rules of Civil Procedure. *See* ECF No. 141. On August 19, 2019, Magistrate Judge Evelyn Furse prepared a Report and Recommendations fully detailing these violations. *See* ECF

No. 183. Judge Furse recommended severe sanctions against Defendants but declined to recommend entering default judgment. These sanctions included striking Evergreen and Relay's counterclaims against Celtig, prohibiting Defendants from putting Patey or Michael Davidson, counsel for Defendants, on the stand, and barring Defendants from presenting any evidence they had not already produced in discovery. On September 19, 2019, the court fully adopted the Report and Recommendations and imposed the sanctions recommended therein. *See* ECF No. 192.[1] In the Report and Recommendations, which the court adopted, Judge Furse warned Defendants that default judgment would be entered against them if they continued to defy court orders and "undermine the progress of the case." *See* ECF No. 183 at 19. This was at least the third time Defendants were warned that their actions could lead to terminating sanctions, including default judgment. *See id.* at 17–18.

Defendants have continued to disregard court orders and impede the judicial process since that time. On July 8, 2019, prior to the third warning of default mentioned above, Judge Furse had ordered Defendants to pay Celtig $1,595.15 in attorneys' fees within fourteen days. *See* ECF No. 175. On August 13, 2019, Defendants still had not paid the court-ordered attorneys' fees, so Plaintiff moved the court to order Defendants to show cause why the court should not impose sanctions for continued discovery violations and for failure to pay the ordered attorneys' fees. *See* ECF No. 181. Judge Furse recommended holding Defendants in civil contempt for failing to pay

---

[1] In addition to these sanctions, the court also imposed sanctions against Defendants relating to their claims against third-party Defendants Utah Lake Legacy Coalition, LLC, Brent Benjamin Woodson, and David Nielson (the "ULLC Third-Party Defendants"), and Impel Sales, LLC, Phillip Cox, and Michael Gunderson (the "Impel Third-Party Defendants"). Following Judge Furse's recommendation (ECF Nos. 185 & 186), the court struck all of Defendants' claims against the ULLC and Impel Third-Party Defendants. *See* ECF No. 190.

the attorneys' fees. *See* ECF No. 214 at 7. As a result, the court scheduled and held a civil contempt hearing on March 6, 2020. Counsel for Defendants failed to appear at the hearing and failed to otherwise substantively respond to the allegations set forth in Celtig's motion for an order to show cause and its accompanying memorandum (ECF No. 181). As a result, the court held the Defendants in contempt of court and only then did they pay the ordered fees. *See* ECF Nos. 219 (Finding of Civil Contempt) & 222 (Notice of Compliance).

Finally, Defendants did not substantively respond to the present Motion for Default Judgment (ECF No. 220). Rather, they copied and pasted the text verbatim from their Memorandum in Opposition to Plaintiff's previous Motion for Default Judgment. *See* ECF Nos. 221 (Memorandum in Opposition to the present motion) & 149 (Memorandum in Opposition to Plaintiff's previous Motion for Default Judgment). They therefore failed to address Plaintiff's proffered grounds why the court should enter default judgment.

## DISCUSSION

Rule 37(b)(2)(A) permits a court to sanction a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). The Rule authorizes a court to enter default judgment "against the disobedient party" as a permissible sanction. See Fed. R. Civ. P. 37(b)(2)(A)(vi). In *Erenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Tenth Circuit enumerated five factors a court should consider before imposing default judgment as a sanction. These factors are:

1) The degree of actual prejudice to the defendant;
2) The amount of interference with the judicial process;
3) The culpability of the litigant;
4) Whether the court warned the party in advance that default judgment would be a likely sanction for noncompliance; and
5) The efficacy of lesser sanctions.

*Id.* Finally, "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction. *Id.*

When the court adopted Judge Furse's recommendation to impose non-terminating sanctions in response to Celtig's prior motion to dismiss, it found that the first four factors above weighed in favor of entering default judgment as a sanction. *See* ECF No. 183 at 11–18. The only countervailing factor was factor five, the efficacy of lesser sanctions. *Id.* at 18–19. Judge Furse and this court reasoned that dismissing Defendants' counterclaims against Celtig, disallowing the testimony of Patey and Davidson, and prohibiting Defendants from presenting evidence not already produced in discovery were adequate remedies for Defendants' willfully obstructive conduct.

But Defendants' actions since then have shown that these lesser sanctions did not effectively deter Defendants' bad behavior; therefore, the fifth *Erenhaus* factor has now been satisfied. Defendants' actions have also reinforced the court's conclusion that the first four factors of the *Erenhaus* test have been met. In the time since the court issued the lesser sanctions, Defendants refused to pay court-ordered attorneys' fees until they were held in contempt. Defendants have also demonstrated a continued failure to participate in good faith in the litigation process: as noted above, they failed to appear for the noticed civil contempt hearing and failed to respond substantively either to Celtig's motion for an order to show cause or to the present motion.

While these recent actions standing alone may not justify the entry of default judgment, when viewed in light of Defendants' continuous and willful obstructive behavior, and the fact that Defendants have been warned on numerous occasions that the court would enter default judgment against them if they failed to correct course, the court concludes that an entry of default is appropriate. Defendants have made abundantly clear that they will not engage in the litigation

process in good faith, despite the numerous sanctions this court has levied against them. In short, Defendants' "aggravating" behavior, even after this court's repeated warnings that it would enter default if the behavior were to continue, "outweigh[s] the judicial system's strong predisposition to resolve [this case on its] merits . . . ." *Erenhaus*, 965 F.2d at 921.

      Finally, it should be noted that the court has entered summary judgment for Plaintiff on all of its surviving causes of action.[2] *See* ECF No. 226. As a result, it indicated to parties at a status conference on November 10, 2020 that it considered Defendants' Motion for Default Judgment to be moot. In response, Plaintiff's counsel argued that the motion for default was not moot because, while an entry of default judgment would not affect Defendants' liability for the claims on which the court had previously granted summary judgment, it would affect Defendants' right to a jury trial on the issue of damages. The court agrees. The Tenth Circuit has held that "[d]efendants do not have a constitutional right to a jury trial following entry of default." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citing *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l., Inc.*, 982 F.2d 686, 692 (1st Cir.1993) ("Following the entry of default under Fed.R.Civ.P. 37(b)(2), a party does not have a right to a jury trial under either Fed.R.Civ.P. 55(b)(2) or the Seventh Amendment.") (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir.1990))); *see also Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir.1992) ("[I]n a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages."). Rather, under Federal Rule of Civil Procedure 55(b)(2), "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of

---

[2] Only Plaintiff's first (breach of contract) and third (declaratory judgment) causes of action remain. The court previously dismissed Plaintiff's second cause of action (fraud in the inducement).

damages." Accordingly, the Court now grants Plaintiff's Motion for Default Judgment and will hold a hearing on the issue of damages. The parties are ordered to appear at a scheduling conference on **Wednesday, February 3, 2021 at 2:00pm** for the purpose of setting a date for the hearing on the issue of damages.

## CONCLUSION AND ORDER

For the reasons set forth herein, the court GRANTS Plaintiff's Motion for Default Judgment and ORDERS that default judgment be entered on all of Plaintiff's surviving claims—Counts I and III set forth in the Complaint—against Defendants Aaron Patey, Evergreen Strategies, LLC, PSD International, LLC, and Relay Advanced Materials, Inc.

DATED January 27, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge